## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-08-622-2 |
| | § | (C.A. No. C-10-6) |
| ANDREW MARK JACKSON, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Andrew Mark Jackson's (Jackson) motion pursuant to 28 U.S.C. § 2255 (D.E. 76). The United States filed its response, a motion to dismiss, and a motion to expand the record. Jackson filed his reply. D.E. 85, 86, 87. The Court GRANTS the government's motion to expand the record which is incorporated within the government's Response (D.E. 85).

For the reasons set forth herein, Jackson is not entitled to relief. Accordingly, Jackson's § 2255 motion is DENIED; the Court also DENIES Jackson a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND

Jackson is a 35-year-old resident alien who was born in Jamaica and moved to the United States when he was 14 years old. D.E. 82. At the time of Jackson's arrest, he was

living in Florida. Id. Jackson graduated from high school in Florida. D.E. 56, ¶ 59.

Jackson was arrested on August 20, 2008, with three codefendants at the Sarita, Texas checkpoint. He and two other men were traveling in one vehicle and traveling with them, but in a separate rental vehicle, was the fourth codefendant, a woman who was transporting 41 kilograms of marijuana in suitcases placed in the trunk of the rented vehicle.

At the time of his arrest, Jackson admitted to purchasing the marijuana for the purpose of resale, recruiting the others to help him transport the drugs, and renting the vehicle in which the drugs were found. D.E. 82 at 31/32, 36/38. Jackson admitted that he had been in the drug trade for 10 years. Id.

The day after his arrest, Jackson made an initial appearance before a federal magistrate judge. During that appearance he was advised by the magistrate judge that he had a right to have the Jamaican consulate notified of his arrest. D.E. 2, 3. Counsel was appointed for Jackson that same day. A preliminary examination was held less than a week later at which Jackson and his attorney were present. D.E. 14. Jackson was detained pending trial.

Jackson and all his codefendants ultimately pleaded guilty. D.E. 82. Jackson did not have a plea agreement with the government. He was sentenced on January 7, 2009, to 33 months in the Bureau of Prisons, a maximum guideline sentence, with 3 years supervised release. D.E. 66. Jackson was advised of his right to appeal his sentence. D.E. 83 at 7. Jackson did not appeal, but timely filed his § 2255 motion. D.E. 76.

### III.  MOVANT'S ALLEGATIONS

Jackson's § 2255 motion claims that his trial counsel was ineffective: 1) by failing to advise Jackson of his right to contact the Jamaican consulate pursuant to the Vienna Convention and by failing to raise the issue during the criminal proceedings, and 2) by failing to file a notice of appeal. D.E. 76.

The Vienna Convention is a 79-article treaty that was ratified by the United States in 1969. Article 36 of the treaty provides that a consular officer of a signatory state shall have the right to visit one of its citizens who has been detained in another signatory state in order "to converse and correspond with him and to arrange for his legal representation," and also requires the detaining state to inform the person concerned about his rights "without delay." See generally Cardenas v. Dretke, 405 F.3d 244, 251 (5th Cir. 2005).

### IV.  ANALYSIS

#### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584 (1982).

## B.     Procedural Bar

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either 1) cause for his default and actual prejudice; or 2) that he is actually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

To the extent that Jackson's claim regarding the Vienna Convention can be construed as a direct claim that his rights were violated, that claim is procedurally barred from consideration here. See Sanchez-Llamas, 548 U.S. 331, 359 (2006) (holding that "claims under Article 36 of the Vienna Convention may be subjected to the same procedural default rules that apply generally to other federal-law claims"); see also Cardenas, 405 F.3d at 253 (Vienna Convention claims, like Constitutional claims, are subject to the habeas procedural default rules). Jackson did not appeal, nor did he raise his Vienna Convention claim during the proceedings before this Court. However, Jackson does complain that his trial counsel failed to tell him of this right and failed to assert it during the trial proceedings and on appeal.

4

To the extent his Vienna Convention claim is properly construed as a claim that his counsel was ineffective for failing to refer him to his consulate or for failing to challenge any alleged violation of the Treaty, that claim, like his claim of ineffective assistance of counsel at sentencing and on appeal, is not procedurally barred. An ineffective assistance of counsel is properly made for the first time in a § 2255 motion because it raises an issue of constitutional magnitude and generally cannot be raised on direct appeal. United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). Thus, the Court addresses the merits of Jackson's ineffective assistance claims.

## C. Standard for Ineffective Assistance Claims in § 2255 Motions

### 1. *Ineffective Assistance for Failing to File a Notice of Appeal*

If a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance even without a showing that the appeal would be meritorious. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 486, 120 S.Ct. 1029 (2000); cf. United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007); see also United States v. Harger, 354 Fed. Appx. 151 at *1 (5th Cir. Nov. 19, 2009) (designated unpublished).

### 2. *Standard for Remaining Claims of Ineffective Assistance*

For actions other than the failure to file a notice of appeal, an ineffective assistance of counsel allegation presented in a section 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of

ineffective assistance of counsel, a movant must demonstrate that counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one").

When evaluating whether counsel's performance was deficient, judicial review of the performance "must be highly deferential, and courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Galvan v. Cockrell, 293 F.3d 760, 764 (5th Cir. 2002). A court reviewing a claim of ineffective assistance of counsel begins with the presumption that counsel's performance was reasonable. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). The movant has the burden of proof to show that his counsel was ineffective. See United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999).

### D.     Ineffective Assistance for Failing to File a Notice of Appeal

Jackson asserts that his counsel failed to file a notice of appeal and that the failure to do so constituted ineffective assistance. D.E. 76 at 8. Jackson does not allege that he asked his trial counsel to do so. In contrast, Jackson's trial counsel positively avers that Jackson did

6

not ask him to file a notice of appeal and that Jackson affirmatively stated that Jackson did

not wish to appeal, which counsel confirmed by letter. See D.E. 85-1 (and attached letter to

Jackson dated January 9, 2009).[1] Ordinarily such a claim requires a hearing to determine the

facts, but in this case due to Jackson's failure to allege that he asked his attorney to file an

appeal or that he attempted to discuss filing an appeal with counsel who did not respond, and

in the face of trial counsel's positive Affidavit and contemporaneous correspondence with

Jackson addressing his appeal rights, no evidentiary hearing is necessary. Jackson's claim

that his counsel was ineffective for failing to file a notice of appeal is DENIED.

---

[1]   The letter reads as follows:
Mr. Jackson,

This is simply to confirm, in writing, our discussion on Wed. , Jan. 7th with respect to your right
of appeal in the above matter.

As you were advised by Judge Head, if you wish to appeal this matter you must give Notice of
Appeal within ten (10) days of the date of sentencing. That means your ten days will expire on
the 17th of January 2009. Since that date falls on Saturday you should have until the next
Monday, January 19th, to file any notice of appeal. Any notice of appeal must be filed with the
Clerk of the US District Court , at 1133 North Shoreling [sic] Blvd., Corpus Christi, Texas
78401.

However, since you indicated you did not wish to appeal, I will not take any action in this regard.
Given your plea in this matter and that the judge did not go above the guidelines for punishment,
I think there is nothing to appeal anyway.

Wish you the best of luck in the future and I hope you get out after serving 85% of your sentence.

Atentamente,

Id.

###### E.     Claim of Ineffective Assistance and Violation of the Vienna Convention

Jackson alleges that trial counsel was constitutionally ineffective because he did not inform Jackson of his right to consular assistance and did not assert the right during the trial proceedings. D.E. 76 at 4/9. Jackson was informed of his right to consular notification during his initial appearance on August 20, 2008, the day after he was arrested and *before* counsel was appointed. D.E. 2, E.R.O. 8/21/2006 at 2:26:51/2:27:59. The magistrate judge determined that the government had a mandatory duty to notify the Jamaican consulate, ordered the case agent to make the notification, and noted that Jackson would like to speak to the consulate, all of which was memorialized in the magistrate judge's Order of that date. D.E. 2. Jackson does not inform this Court whether he was actually contacted by the Jamaican consulate, nor does the government tell the Court whether the case agent complied with the Court's Order to notify the consulate.

If Jackson was truly interested in assistance from the Jamaican consul, nothing prohibited Jackson from writing to the consulate or asking his trial counsel to do so. According to trial counsel, Jackson never mentioned any interest in consular assistance.[2]

It is also not clear that Jackson has any individual right to enforce the obligations set forth in the Vienna treaty. The two Supreme Court cases that address the Vienna Convention both expressly decline to decide the issue, although both assume that the Vienna Treaty

---

[2]  Counsel's Affidavit reads in pertinent part: ""Apparently the Case Agent was suppose [sic] to notify the consulate of Mr. Jackson's arrest. When I spoke with Mr. Jackson the issue never came up and I, therefore, assumed that the Jamaican Consulate had been notified. I was never told by Mr. Jackson or anyone else that it had not been done." D.E. 86-1.

provides an individually enforceable right to foreign nationals. <u>See</u> <u>Medellin v. Texas</u>, 522 U.S. 491, 506 n.4 (2008) (It is "unnecessary to resolve" whether the Vienna Convention "grants Medellin individually enforceable rights. As in <u>Sanchez-Llamas</u>, 548 U.S. at 342-43, 126 S. Ct. 2669, we thus assume, without deciding, that Article 36 grants foreign nationals 'an individually enforceable right to request that their consular officers be notified of their detention, and an accompanying right to be informed by authorities of the availability of consular notification.'"); <u>see also</u> <u>Sanchez-Llamas</u>, 548 U.S. 331, 342-43 (2006).

Prior to those two decisions, the Fifth Circuit had clearly stated that until the Supreme Court or an *en banc* Fifth Circuit concluded otherwise, the Fifth Circuit's conclusion that the Vienna Convention does not confer individually-enforceable rights remained good law. <u>Cardenas v. Dretke</u>, 405 F.3d 244, 253 (5th Cir. 2005) (citing <u>United States v. Jimenez-Nava</u>, 243 F.3d 192, 198 (5th Cir. 2001)). Thus, given that neither <u>Medellin</u> nor <u>Sanchez-Llamas</u> held to the contrary (but only assumed the contrary), the binding authority in this Circuit appears to remain the same, <u>i.e.</u>, that there is no such individually enforceable right.

Without an individually enforceable right, it is unclear what counsel should have done differently or what difference any action by counsel would have made. Moreover, even assuming there is an individually enforceable right and that Jackson could assert an ineffective assistance claim because counsel failed to ensure that the Jamaican consulate was advised of Jackson's legal plight, Jackson has wholly failed to show that he suffered any prejudice as a result. <u>See</u> <u>Rosales v. Bureau of Immigration and Customs</u>, 426 F.3d 733, 737-

38 (5th Cir. 2005) (regardless of whether petitioner's right under the Vienna Convention are protected under the United States Constitution, petitioner was not entitled to any relief because he had not shown that assistance from his consulate would have changed the result of his deportation proceedings).

Jackson relies on <u>Osagiede v. United States</u>, 543 F.3d 399 (7th Cir. 2008), in support of his claim that he was prejudiced and that he is entitled to an evidentiary hearing, but <u>Osagiede</u> is readily distinguishable on its facts. Osagiede was a Nigerian citizen convicted of a drug trafficking offense. The evidence against him included tape recordings between several Nigerian men, who like Osagiede, had heavy accents. Additionally, there were witnesses in Nigeria that the consulate would have been able to help Osagiede and his attorneys locate. <u>Id</u>. at 413. The Seventh Circuit held that under those circumstances Osagiede was entitled to an evidentiary hearing. <u>Id</u>.

In contrast, Jackson speaks English without a heavy accent (as indicated in the recording of his initial appearance and subsequent hearings); his trial counsel did not have difficulties communicating with Jackson in English (according to counsel's Affidavit); Jackson admitted that he reads and writes English. He is a resident alien who has lived in the United States for over twenty years. The evidence against him consists of his own statements and his plea of guilty. He graduated from high school in Florida. D.E. 56 (PSR); D.E.82 at 5/7 (Rearraignment); D.E. 86-1 (Affidavit trial counsel). Although Jackson claims little familiarity with the justice system in this country, he has had a number of brushes with the

criminal justice system (see generally D.E. 56 (PSR)), including a previous felony conviction for drug trafficking in Florida. See D.E. 56, ¶¶ 43.

In short, Jackson cannot show any prejudice as a result of any violation of the Vienna Convention or counsel's failure to object to any violation. This claim is therefore DENIED.

### E.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)."The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Although Castorena has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested); see also Rivers v. Quarterman, 661 F. Supp.2d 675, 703 (S.D. Tex. 2009).

Because Jackson has not made the required substantial showing of the denial of a constitutional right, his claims do not require this Court to certify any issue for appellate consideration. This Court will not issue a COA.

## V.  CONCLUSION

For the foregoing reasons, Jackson's motion to vacate, set aside or correct his sentence (D.E. 68) is DENIED. Additionally, Andrew Mark Jackson is DENIED a Certificate of Appealability.

Ordered this 8 day of March 2011.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

12